Johnson vs. The City of Milwaukee.

JOHNSON, Appellant, vs. THE CITY OF MILWAUKEE, Respondent.

*September 13 — October 2, 1894.*

*Municipal corporations: Constitutional law: General or special law? Classification of cities.*

1. Cities in this state being divided into two classes — those incorporated under special laws and those chartered under the general law,— a statute conferring a new power upon all the cities in the former class is a general law and uniform in its operation throughout the state, within the meaning of sec. 32, art. IV, Const.

2. A construction of a statute, not inconsistent with its words, which will support its constitutionality will be preferred to a more natural or obvious construction which would render it invalid. Thus, a statute granting certain powers to "any city operating under a special charter . . . and authorized by such charter to construct sewers," may be construed to apply to all cities whose special charters, *either expressly or by implication,* authorize them to construct sewers.

3. All cities of this state acting under special charters, being authorized thereby to repair and keep in order their streets, are "authorized by such charters to construct sewers," within the meaning of ch. 224, Laws of 1893, since the authority first mentioned carries with it the latter.

4. A statute conferring certain powers upon all specially chartered cities which have or shall attain a certain population, is a general law, within the meaning of sec. 32, art. IV, Const., where the object to be advanced by it bears such a relation to population as to justify a classification upon that basis. Ch. 311, Laws of 1893, giving authority to all specially chartered cities having a population of 3,000 or more to issue bonds for the construction of sewers, for the purchase of lands for public parks, and for permanent street improvements, is *held* a general law and valid.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought in the circuit court for Milwaukee county to enjoin that city from issuing certain bonds, and the levy of taxes for their payment, upon the theory that the statutes which authorize the issuing of such bonds

(ch. 224, 311, Laws of 1893) are unconstitutional, because they are within the prohibition of subd. 9, sec. 31, art. IV, of the constitution, which forbids special legislation to amend the charters of cities. The complaint alleges that the defendant, the city of *Milwaukee*, is about to issue its bonds for the sum of $50,000 for the, purpose of perfecting its sewer system, under said ch. 224, Laws of 1893, and for the further sums of $57,000 for permanently improving the streets in that city, and $100,000 for the purchase of lands for public parks and for the improvement thereof, under said ch. 311, Laws of 1893. There was a general demurrer to the complaint, which was sustained. From the order which sustains the demurrer the plaintiff appeals.

For the appellant there was a brief by *Elliott, Hickox & Groth*, and oral argument by *E. S. Elliott*. They contended, *inter alia*, that legislation applying to a certain class or classes is special and not general unless the classification is based upon substantial distinctions which distinguish the members of one class from the members of another. General legislation, when restricted to a class, must be based upon necessity, or on some difference in the situation or circumstances of the subjects composing the different classes by which the necessity of different legislation with respect to them is suggested and justified. *State ex rel. Board of Comm'rs v. Cooley*, 58 N. W. Rep. 153; *Anderson v. Trenton*, 42 N. J. Law, 486; *State ex rel. Sanderson v. Mann*, 76 Wis. 479; *Cobb v. Bord*, 40 Minn. 479; *State ex rel. Richards v. Hammer*, 42 N. J. Law, 440; *Appeal of Ayars*, 2 L. R. A. 582; *Braceville Coal Co. v. People*, 147 Ill. 66. General legislation, when restricted to a class, must be justified by the peculiarities of the class to which such legislation applies. The legislature cannot make a merely arbitrary or artificial classification; there must be an apparent reason justifying such classification, and an evident connection between the distinctive features of the class

regulated and the regulations adopted. *State ex rel. Board of Comm'rs v. Cooley*, 58 N. W. Rep. 153; *Philadelphia v. Haddington M. E. Church*, 115 Pa. St. 291; *State v. Trenton*, 48 N. J. Law, 438; *Devine v. Cook Co.* 84 Ill. 590; *Woodard v. Brien*, 14 Lea, 520; *State ex rel. Randolph v. Wood*, 49 N. J. Law, 88. To whatever class a law applies it must, to become a general law, be applied to every member of that class. *Clark v. Janesville*, 10 Wis. 135–177; *Johnson v. St. P. & D. R. Co.* 43 Minn. 222; *Weinman v. W. & E. L. P. R. Co.* 118 Pa. St. 192; *State ex rel. Randolph v. Wood*, 49 N. J. Law, 88. Where the designated class is so constituted as to exclude any addition to its number, legislation restricted to such class is special. *State ex rel. Sanderson v. Mann*, 76 Wis. 479; *State v. Pugh*, 43 Ohio St. 98; *State ex rel. v. Smith*, 48 id. 211; *Devine v. Cook Co.* 84 Ill. 590; *Woodard v. Brien*, 14 Lea, 520.

For the respondent there was a brief by *Charles H. Hamilton*, city attorney, and *Charles E. Estabrook*, of counsel, and a separate brief by *Mr. Hamilton*, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel; and the cause was argued orally by *Mr. Hamilton* and *Mr. F. C. Winkler*. As to the validity of the classification of cities involved in the acts in question, they cited *Cobb v. Bord*, 40 Minn. 479; *Nichols v. Walter*, 37 id. 264; *Alexander v. Duluth*, 58 N. W. Rep. 866; *State ex rel. Board of Comm'rs v. Cooley*, id. 150; *Walker v. Cincinnati*, 21 Ohio St. 14; *Bronson v. Oberlin*, 41 id. 476, 480; *State ex rel. v. Toledo*, 48 id. 112; *State v. Pugh*, 43 id. 98; *State ex rel. v. Smith*, 48 id. 211; *Costello v. Wyoming*, 49 id. 202; *State v. Brewster*, 39 id. 653, 658; *McGill v. State*, 34 id. 228; *State v. Powers*, 38 id. 54; *Wheeler v. Philadelphia*, 77 Pa. St. 338; *Kilgore v. Magee*, 85 id. 401; *Appeal of Scranton School Dist.* 113 id. 178; *Comm. v. Reynolds*, 137 id. 389; *Comm. v. Denworth*, 145 id. 172; *State ex rel. Richards v. Hammer*, 42 N. J. Law, 436, 440; *State v. Trenton*, 48 id. 438; *S. C.* 49 id. 423.; *Paul v.*

*Gloucester Co.* 50 id. 585; *State ex rel. Warner v. Hoagland,* 51 id. 66; *Rutherford v. Heddens,* 82 Mo. 388; *Rutherford v. Hamilton,* 97 id. 543; *State ex rel. Martin v. Wofford,* 25 S. W. Rep. 851; *Bell v. Maish,* 36 N. E. Rep. 1118; *People ex rel. D., O. & O. R. Co. v. Granville,* 104 Ill. 285; *People ex rel. Meyer v. Hazelwood,* 116 id. 319, 328, 329; *Haskel v. Burlington,* 30 Iowa, 232; *Burlington v. Leebrick,* 43 id. 252, 257; *McAunich v. M. & M. R. Co.* 20 id. 338; *Iowa R. R. Land Co. v. Soper,* 39 id. 112; *Lake v. State ex rel. Palmer,* 18 Fla. 501; 15 Am. & Eng. Ency. of Law, 984; 22 Am. Law Rev. 403; 35 Cent. Law J. 266; 32 Am. Law Reg. & Rev. 816.

NEWMAN, J. The constitutional provisions which are involved in the decision of this case are:

Art. IV, sec. 31. " The legislature is prohibited from enacting any special or private laws in the following cases: . . . (9) For incorporating any city, town or village, or to amend the charter thereof."

Art. IV, sec. 32. " The legislature shall provide general laws for the transaction of any business that may be prohibited by section 31 of this article, and all such laws shall be uniform in their operation throughout the state."

The statutes challenged, so far as necessary to show the questions raised, are as follows:

Laws of 1893, ch. 224, sec. 1. " The common council of any city operating under a special charter granted by the legislature of this state, and authorized by such charter to construct sewers, is hereby empowered to divide such city into sewer districts and to levy a special tax of not more than one mill and a half of a mill on the dollar of the assessed value of the taxable property in any such sewer district, if in the opinion of the common council such special tax shall be needed for the extension or improvement of the sewer system for such district." Sec. 2. " If in the

opinion of such common council any such sewer district shall require an extraordinary outlay of money for the construction of outlets or pumping stations to perfect its sewer system, such common council is hereby authorized to provide by ordinance for issuing the corporate bonds of such city."

Laws of 1893, ch. 311, sec. 1. " The common council of any city incorporated by and operating under a special charter granted by the legislature of this state, containing a population of three thousand inhabitants or more, as shown by the last state or national census, is hereby authorized to issue corporate bonds . . . for the following purposes: . . . (2) For the construction of sewers, and for the improvement and maintenance of the same. . . . (9) For the purchase of lands for public parks and improvements thereof. . . . (10) For permanently improving streets in such city and for creating a fund out of which to advance the cost of repair to sidewalks. . . ."

Doubtless, these statutes, if valid, operate as amendments to the charter of every city included within their terms. If they are general laws, within the meaning of the constitutional provisions cited, they are valid and are to be given the effect intended by the legislature. If, on the other hand, they are special laws, within the meaning of those constitutional provisions, they are void and can have no effect. So the exact question presented for decision is whether the statutes cited are special or private laws, within the meaning of the constitution.

These constitutional provisions came into the constitution by amendment after many cities within the state had been incorporated by special laws. The fact that many cities had been incorporated by special laws may be assumed to have been borne in mind by the people when they put those amendments into the constitution. It was not provided or intended that these special charters should be superseded by

Johnson vs. The City of Milwaukee.

incorporation under a general law. At least, that was not made compulsory. But it is permitted to such cities as were then incorporated under special laws to continue to operate under their special charters. This must have been within the purpose of the people in making the amendments. This naturally makes a constitutional division of the cities of the state into two classes upon that line,— those which are incorporated under special laws, and those which have been organized under the general law. The fact, too, must have been in contemplation of the people, that in process of time, and by reason of the growth and development of the cities which were under special charters, and changed conditions, new and enlarged powers would become necessary to their well-being and progress. It was intended to confer the power to grant such new or enlarged powers upon such cities, by sec. 32 of art. IV. It was intended to confer power ample for the purpose. The only restriction is that such powers shall be conferred only by general laws having a uniform operation through the state. It seems clear that an act of the legislature which should confer a new power upon all the cities in the state which are in that class of cities which are acting under special laws, without any exception, would be a general law and uniform in its operation throughout the state, within the intention of the constitution. If it is found that ch. 224, Laws of 1893, applies to all the cities of the state which are acting under special charters, by this test it is a general law. It does apply to all such cities if all such cities are authorized by their charters to construct sewers.

Perhaps the more natural and obvious meaning of the words of the statute, " authorized by such charters to construct sewers," is " authorized expressly by such charters to construct sewers." If, with that interpretation, some cities which are acting under special charters would be excluded from its benefits, and if such an interpretation

would make the statute a special law, within the meaning
of the constitution, then some other interpretation, not in-
consistent with the words of the statute, which will sup-
port its constitutionality will be preferred, even if it is not
the most natural or obvious construction of the language
used. *Bigelow v. West Wis. R. Co.* 27 Wis. 478, 486; *Ruggles
v. Fond du Lac,* 53 Wis. 436; 23 Am. & Eng. Ency. of
Law, 349, and cases cited in note 2. To hold that the stat-
ute intends to include within its benefits all cities acting
under special laws which are authorized, either by express
provision or by implication, by their charters to construct
sewers, is warranted if that construction is necessary to
support the constitutionality of the statute.

It would perhaps be unsafe to assume without examina-
tion in detail that all special charters of cities expressly
authorize the construction of sewers; but perhaps it will
be safe to assume, without such examination, that all spe-
cial charters do give authority to repair and keep in order
the streets of the city. This is one of the more common
and necessary duties of the city. This authority to repair
and keep the streets in order carries with it, without spe-
cial mention, authority to construct drains and sewers.
2 Dillon, Mun. Corp. (4th ed.), § 805, and the cases cited in
note 3. So it seems safe to say that all the cities of the
state which are acting under special charters are "author-
ized by such charters to construct sewers." So it is held
that ch. 224, Laws of 1893, applies to all the cities in the
state which are acting under special charters, and is a gen-
eral law, uniform in its application throughout the state,
and is valid.

But ch. 311, Laws of 1893, divides into two classes, for
the purposes of that chapter, the cities which are operating
under special charters, and confers its benefits on one class
only. Those having a population of 3,000 or more are au-
thorized to borrow money and issue bonds for certain

specified purposes: "(9) For the purchase of lands for public parks and improvements thereof. . . . (10) For permanently improving streets in such city." This presents a different question.

It would seem that, if it is competent to legislate at all for cities acting under special charters, it should be competent to make some classification of them suited to their different conditions and necessities. All cannot use with benefit powers which would be of great advantage to some. A law which should provide for one case only, in a proper case, should be held to be a general law. It is not required that all general laws shall be equally general. A law legislating for a class is a general law when it is for a class "requiring legislation peculiar to itself in the matter covered by the law." A law relating to particular persons or things as a class is said to be general; while a law relating to particular persons or things of a class is deemed special and private. Whether such laws are to be deemed general laws or special laws depends very much upon whether the classification is appropriate. Certain rules by which the propriety of the classification may be tested have been stated by courts and have become well established. These rules are applied by the decisions with varying strictness. The main difficulty is in the application of the rules.

One rule is: All classification must be based upon substantial distinctions which make one class really different from another. It is urged in favor of the classification made by ch. 311 that there is much less necessity for perfectly and expensively constructed streets and costly and extensive public parks in small cities than there is in large ones. In small cities the streets are much less used, and so high a degree of perfection is not required; while, as to public parks, the people are all, already, as near to the country and the free air as many of the citizens of large cities can be to any public park. It is considered that there

is something substantial in this view of the different re-
quirements of large cities as compared with small cities,
which makes one class really different from the other as
respects the propriety of creating debts for permanently
improving streets or for buying land for public parks.
The difference is sufficient to account for and to justify
such a classification for that purpose. It is usually appro-
priate to classify by population, especially where the ob-
ject to be advanced by it bears fairly a relation to the
number of population in either class; and, while opinions
may fairly differ as to where the line of distinction should
be drawn, that is fairly a subject for the exercise of legis-
lative discretion. It is not open to question by the courts,
unless it shall appear to be a mere device to evade the
constitutional provisions.

.Another rule is: The classification adopted must be ger-
mane to the purpose of the law. The distinction in the
classification made by ch. 311 is based upon a real differ-
ence of situation, as between large and small cities, as re-
gards the necessity or propriety of creating debts for per-
manent improvement of streets, and for the purchase of
lands for public parks and their improvement. It is ger-
mane to the purpose of the law.

· Another rule is: The classification must not be based
upon existing circumstances only. It must not be so con-
stituted as to preclude addition to the numbers included
within a class. The test provided by ch. 311 by which to
determine which cities are within its provisions, is "the
last state or national census." On its face, the statute
seems intended to be prospective in its operation; so that
such cities as in the future shall attain to the required
population may have the benefits of its provisions. With
this interpretation, it is in compliance with this rule. If
its proper interpretation were doubtful, it would receive
such interpretation as would render it in compliance with
this rule.

Another rule is: To whatever class a law may apply, it must apply equally to each member thereof. Ch. 311 complies with this rule. It operates equally upon each member of the class. It applies equally to; every city of the class having a population of 3,000 or more.

· Authorities relating to the questions discussed in this opinion will be found as follows: 15 Am. & Eng. Ency. of Law, 978, and several following pages, and in the notes; 23 Am. & Eng. Ency. of Law, 148–151, and notes; articles in 32 Am. Law Reg. & Rev. pp. 127, 816.

The questions presented have not been considered to be free from doubt and difficulty. In their solution the principle that a statute is not to be condemned as unconstitutional unless it is clearly so has had its appropriate influence. Both of the statutes questioned are considered to be general laws, within the intention of the constitution, and so valid. The demurrer to the complaint was rightly sustained.

*By the Court.*— The order of the circuit court is affirmed.