CITY OF MILWAUKEE, Respondent, vs. REIFF and another, Appellants.

*April 11—May 1, 1914.*

*Statutes: Validity: Classification of cities: Municipal corporations: Salaried officers: Compensation: Extra services: Recovery of moneys illegally paid.*

1. Ch. 376, Laws of 1897, fixing the salary of the city clerk in all cities having a population of 150,000 or more, and authorizing him to employ experts to assist him in making the tax roll, is a general law and valid, although Milwaukee was and still is the only city of that size in the state.

2. Sec. 925—31c, Stats. (ch. 493, Laws of 1907),—providing that "no officer or employee receiving a salary from any city, whether organized under general or special law," shall receive any compensation other than such salary for services of any kind rendered to such city,—applies to all cities in the state, including Milwaukee.

3. Where, in violation of sec. 925—31c, Stats., the city clerk of Milwaukee paid to a city officer or employee, who was at the time receiving an annual salary from the city, an additional sum for his services as an expert in preparing the tax roll, such sum is recoverable by the city, even though the services were performed outside of regular office hours. *Frederick v. Douglas Co.* 96 Wis. 411, distinguished.

APPEAL from an order of the circuit court for Milwaukee county: A. H. REID, Judge.   *Affirmed.*

This is an action for money had and received commenced by the city of *Milwaukee* against the defendants to recover moneys disbursed by the defendant *Peter F. Leuch* as city

clerk, and received by *John F. Reiff,* for alleged services rendered by *Reiff* in the preparation of the tax roll of the city of *Milwaukee* for the year 1912.    The money was paid under a resolution passed by the common council of the city of *Milwaukee* on July 22, 1912, pursuant to ch. 376, Laws of 1897.

The complaint alleges and the answer admits that the city operates under a special charter and that the defendant *Leuch* held the office of city clerk and received a stated salary of $2,500 per year; that from April, 1912, to November, 1912, *Reiff* held the position of chattel mortgage clerk in the city clerk's office, at a stated yearly salary; that in November, 1912, he was, by the city clerk under the authority of the common council, appointed to, and up to the commencement of this action held, the position of committee clerk and stenographer at a salary of $1,500 per year.    It is alleged that the common council on July 22, 1912, appropriated the sum of $4,800 to be drawn upon order to the city clerk and to be placed in the clerk's custody for the purpose of paying for experts the clerk might employ for the making of the tax roll of the city for the year 1912.    Among others the clerk employed *Reiff* as an expert to perform this service and paid him as extra compensation the sums stated in the complaint.    The answer also alleges that *Reiff* was an expert in such work; that the services rendered by him were necessary in preparing the city tax roll; that the services were performed outside of the regular office hours; and that the amounts paid were a reasonable and proper compensation therefor.    The plaintiff demurred to the answer on the ground that it does not state facts sufficient to constitute a defense.    This is an appeal from the order sustaining the demurrer.

For the appellants there was a brief by *Marshutz & Hoffman,* attorneys, and *J. H. Marshutz* and *Quarles, Spence & Quarles,* of counsel, and oral argument by *Mr. I. A. Fish* and *Mr. J. H. Marshutz.*

*Daniel W. Hoan,* city attorney, for the respondent.

SIEBECKER, J.   Ch. 376, Laws of 1897, is entitled "An act to fix the salary of the city clerk in all cities in this state having a population of one hundred and fifty thousand or more, and to require all city officers to file sworn pay rolls for the disbursements of all moneys appropriated for clerk hire or other service."   Sec. 1 of the act fixes the salary of the clerk of such cities at $2,500 annually; and sec. 2 provides that such salary shall be in full compensation for the services rendered by him in discharge of his official duties.   By sec. 3 it is enacted:

"The city clerk shall make the tax roll of such city as required by law, but he shall receive no compensation for the same other than that provided in section one of this act, but he is hereby authorized to employ such expert assistants as he may deem necessary, the aggregate amount to be paid for such service to be determined by the common council and appropriated for such service from year to year."

In passing on the validity and nature of the act the trial court held, and we think the holding a proper and correct one:

"If that chapter were a special act as claimed it would necessarily be unconstitutional.   But its constitutionality is doubtless saved by the fact that it applies to all cities in the state of 150,000 population or more, and while at the time of the enactment there was and still is but one city of that size in the state, it would apply to any city acquiring that size in the future, and is just as general in its nature as are those provisions of ch. 40a of the Statutes applying to cities of the first class."

*Adams v. Beloit,* 105 Wis. 363, 81 N. W. 869; *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270.

It is clear that this law was valid as a general law and applied to the city of *Milwaukee,* and that the city clerk was required to make the tax roll, but it authorized him to employ experts to assist him in performing this service.

Ch. 493, Laws of 1907, creates sec. 925—31c, Stats., and other sections.   Sec. 1 reads: "There are added to the Stat-

utes of 1898 new sections to read," and enacts eight separate
sections, making each one a subsection of sec. 925 of the Stat-
utes.    All of the various subsections of sec. 925 are a part
of ch. 40*a,* Stats., which is entitled "Of the organization and
government of cities under general law."    The city of *Mil-
waukee,* being incorporated by special charter, is of the class
of cities covered by ch. 40*b,* Stats., entitled "Of cities under
special charter."

Sec. 925—31*c* (ch. 493, Laws of 1907) provides:

"No officer or employee receiving a salary from any city,
whether organized under general or special law, shall receive
for service of any kind or nature rendered such city any com-
pensation therefor other than the salary fixed and provided
for such office.    This act shall apply to all officials now serv-
ing or hereafter elected or appointed to public place."

The provisions of the act clearly apply generally to the
various subjects with which they deal in all cities of the state,
and the phrase "whether organized under general or·special
law," in this section, specifically indicates that the legisla-
ture intended this section to apply to all cities of the state,
for there can be no city organized outside of the two specified
classes, namely, those organized under the general charter law
and those organized under special charters.    The history of
legislation shows that the legislature has incorporated pro-
visions in ch. 40*a* which by express terms or by necessary im-
plication apply generally to both classes of cities.    There is no
variance between the provisions of sec. 925—31*c* and the pro-
visions of the charter of the city of *Milwaukee,* and hence the
provisions of secs. 4986 and 4987 have no controlling effect
on the question here presented.    Since, then, sec. 925—31*c*
applies to and must govern the subject of this litigation in the
city of *Milwaukee,* it necessarily follows that the payments
made to *Reiff* for services as an expert in extending the city
tax roll for the year 1912 were contrary to the express pro-
visions of this act, in view of the fact that he was at the time

a city officer receiving an annual salary from the city.    The moneys so received by him from the city were disbursed without any legal warrant or authority and are therefore recoverable in an action like this one.    The payments having been made in violation of a law which forbade them renders the equitable doctrine such as ruled the case of *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798, inapplicable here. The trial court properly sustained the demurrer to the answer.

*By the Court.*—The order appealed from is affirmed.