ARBUTHNOT, Appellant, vs. KELLEY and another, Respondents.

*March 15—April 4, 1917.*

*Officers: Malfeasance: Sale by town chairman to town: Recovery of money paid: Laches.*

1. The sale to a town by its chairman of articles of merchandise needed and used by it was a violation of sec. 4549, Stats., even though it saved the town considerable inconvenience and was made in good faith and without solicitation on the part of the seller and none of the articles sold has been or can be returned.
2. A taxpayer's action for the recovery of the money paid on such a sale cannot be successfully defended against on the ground of laches, short of the statutory limitation.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

Taxpayer's action based on facts, in effect as follows: In 1914 defendant *Kelley,* while chairman of the board of supervisors of the defendant town, sold thereto various articles of merchandise and received, about December 1, 1914, out of its treasury, $434.25 as payment therefor.    The town needed the property thus acquired and the same was used to satisfy such need.    It could not otherwise have obtained such property of any other dealer therein nor of any outside thereof without considerable inconvenience.    The transactions with *Kelley* on behalf of the town were by its agents and without solicitation by him.    The sales were known to the taxpayers.

May 17, 1915, plaintiff, a taxpayer of the town, demanded of its town board the commencement of an action to recover back the money paid to *Kelley*. It neglected to do so. The matter was not submitted to the electors of the town. No part of the material purchased of him has been or can be returned. September 13, 1915, this action was commenced.

On such facts judgment was rendered against plaintiff upon the ground that no violation of sec. 4549, Stats., was shown and the ground that he was barred by laches from prosecuting the action.

The cause was submitted for the appellant on the brief of *Graves & Earll* of Prairie du Chien, and for the respondent *Kelley* on briefs by *Geo. B. Clementson* of Lancaster.

MARSHALL, J.   Did the circuit court err in holding that *Kelley* did not violate sec. 4549, Stats.? That must be answered in the affirmative, because the statute expressly makes such a transaction as he was guilty of a criminal offense. In *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 150 N. W. 526, the court dealt with substantially such a matter and held that the transaction was "directly within the condemnation of the statute and the contract absolutely void."

Was appellant guilty of fatal laches, barring him from prosecuting the action? That is ruled in the negative by *Milwaukee v. Reiff,* 157 Wis. 226, 146 N. W. 1130. It was there held that an action to recover money paid out of the public treasury in violation of law cannot be successfully defended against on the ground of laches, within the equitable doctrine of *Frederick v. Douglas Co.* 96 Wis. 411, 71 N. W. 798. Such is the doctrine invoked by respondent here and which the circuit court supposed was applicable.

There cannot be such a thing as excusable violation of a criminal statute, such as the one involved here, on the ground of good faith or fatal laches, short of the limitation of the

written law, as to remedies for the wrong. If good faith, or mere delay, as in this case, in resorting to a remedy, could be invoked to, in effect, change the title to money illegally obtained from a municipality therefrom to the wrongdoer, the legislative policy embodied in the written law could be easily set at naught by judicial administration. The remedy invoked here, while of an equitable nature, as regards appellant, is to enforce a legal liability to the town. The wrong which afforded appellant such a remedy, was the failure of the public officers to perform their duty.

*By the Court.*—The judgment is reversed, and the cause remanded for judgment in favor of the plaintiff and against defendant *Kelley* for the benefit of the defendant town for $434.25 with interest thereon from the 1st day of December, 1914, and for judgment against said *Kelley* for plaintiff's benefit for the costs and disbursements of the action. Costs in this court are awarded to appellant against said *Kelley.*