STATE EX REL. FEDERAL PAVING CORPORATION, Respondent,
vs. PRUDISCH, City Treasurer, Appellant.

*May 18—June 1, 1942.*

The cause was submitted for the appellant on the brief of *Roy R. Stauff,* city attorney, and for the respondent on the brief of *Bender, Trump & McIntyre,* attorneys, and *Wood, Warner & Tyrrell* of counsel, all of Milwaukee.

FRITZ, J. Controversies in relation to the claim upon which there is based herein the right asserted to compel payment by *mandamus* were involved in *Bechthold v. Wauwatosa,* 228 Wis. 544, 277 N. W. 657, 280 N. W. 320; *Federal Paving Corp. v. Wauwatosa,* 231 Wis. 655, 286 N. W. 546, and *Federal Paving Corp. v. Prudisch,* 235 Wis. 527, 293 N. W. 156. Subsequent to the decision in the latter case, in which sec. 62.215, Stats. 1939, was held invalid, the legislature enacted sec. 66.295, Stats. 1941 (ch. 272, Laws of 1941), subs. (1) and (2) whereof provide:

"(1) Whenever any city of whatever class, however incorporated, shall have received and shall have enjoyed or shall be enjoying any benefits or improvements furnished under any contract which shall have been heretofore declared as imposing no legal obligation on any such city and which contract was entered into in good faith and has been fully performed and the work has been accepted by the proper city officials, so as to impose a moral obligation upon such city to pay therefor, such city, by resolution of its common council and in consideration of such moral obligation, may pay to the person furnishing such benefits or improvements the fair and reasonable value of such benefits and improvements.

"(2) The fair and reasonable value of such benefits and improvements and the funds out of which payment therefor shall be made shall be determined by the common council of such city. Such payments may be made out of any available funds, and said common council shall have authority, if neces-

sary, to levy and collect taxes in sufficient amount to meet such payments."

Under these provisions the common council of the city of Wauwatosa adopted a resolution which,—after recitals to substantially the same effect as the recitals in the resolution of which the substance is stated in *Federal Paving Corp. v. Prudisch,* 235 Wis. 527, 529, 530, 293 N. W. 156,—provided, so far as here material, that the common council hereby determines that the fair and reasonable value of the benefits and improvements furnished by the Federal Paving Corporation, under said contract, is $27,596.78, less $4,887.12, incurred by the city as costs in repairing the pavement; that the proper city officials are hereby authorized and directed to make a new assessment of benefits and damages for the improvement in the manner provided for the original assessment, except that steps required by laws relating to the original assessment to be taken prior to the ordering or doing of such benefits or improvements shall be taken after this authorization with the same effect as if taken prior to the ordering or doing of such benefits or improvements; that said officials are likewise authorized and directed to draw and deliver to the Federal Paving Corporation a city order for $22,709.66, chargeable (in specified sums) to "Special Assessment Fund No. 3" and the "Street Construction Fund," respectively; provided that said sums are, by this resolution, legally payable, and that the above authorization for the reassessment of benefits and damages is valid. Pursuant to the resolution, a city order was executed by the city clerk and the comptroller directing the defendant to pay to petitioner the stated sum out of city funds in its possession, and the comptroller certified that sufficient funds to pay that sum were and still are in its possession. Defendant refused to pay the order out of the city's funds, and denied that it had become his duty to do so.

On behalf of defendant it is contended that sec. 66.295, Stats. 1941, is unconstitutional because by the words "under

any contract which shall have been heretofore declared as imposing no legal obligation," which are in sub. (1) thereof, the authorization of a city to pay for improvements furnished under the factual situation defined therein is limited to improvements so furnished under contracts which, prior to the statute becoming effective on June 25, 1941, were declared as imposing no legal obligation on the city. Defendant claims that by this limitation as to the improvements for which payment may be authorized to be made, the statute is applicable to but a closed class of cities; that as the result thereof cities which entered unlawfully into contracts declared after June 25, 1941, to impose no legal obligation, cannot come under the act; that in view of this consequence, there is created by the provision in question a special class from which there are excluded cities receiving such benefits or improvements after June 25, 1941, and into which no other city can grow; and that therefore there is such an improper classification that the statute must be considered to be a special law, the enactment whereof is prohibited by sec. 31, 9th, art. IV, Const. *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270, and cases cited in *Federal Paving Corp. v. Prudisch,* 235 Wis. 527, 532, 293 N. W. 156. Appellant contends that as there is no material difference in effect between the limitation by the words "shall have been heretofore declared" in sec. 66.295 (1), Stats. 1941, and the limitation by the words "received prior to January 1, 1939," in sec. 62.215, Stats. 1939, which was held invalid in *Federal Paving Corp. v. Prudisch, supra,* sec. 66.295, Stats. 1941, is likewise invalid.

Our ultimate conclusion in holding sec. 62.215, Stats. 1939, invalid in that case was based solely on the ground that because this statute,—which as part of ch. 62, Stats., was not applicable to cities of the first class under special charter (sec. 62.03, Stats.),—was applicable to only cities of the second, third, and fourth classes, it constituted such class legis-

lation as to render the statute invalid. In that respect we said,—

"Thus, we are presented with the question whether a statute applicable only to cities of the second, third, and fourth classes, which purports so to amend their charters as to permit these cities to recognize moral obligations arising out of void contracts entered into prior to January 1, 1939, is a special act creating a closed class into which no other municipality may grow. That it does so seems to have been established in *Johnson v. Milwaukee,* 88 Wis. 383, 60 N. W. 270; *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603; *Burnham v. Milwaukee,* 98 Wis. 128, 73 N. W. 1018; *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888; and *Neacy v. Drew,* 176 Wis. 348, 187 N. W. 218. These cases have one circumstance in common. The curative acts considered in each case applied only to cities of the first class, and the city of Milwaukee is the only city of that class in the state." (p. 531.)

However, that particular respect, in which there was the improper classification of cities that rendered sec. 62.215, Stats. 1939, invalid, does not exist in relation to sec. 66.295, Stats. 1941. Expressly, by the words "whenever any city of whatever class" in sub. (1) thereof, sec. 66.295, Stats. 1941, is made applicable to any and all cities of whatever class. Moreover, as the statute was enacted to be part of ch. 66, Stats., which is entitled "General Municipality Law," and is applicable to all cities of whatever class and however incorporated, the application of the statute is not limited and rendered inapplicable to cities of the first class. However, in connection with then holding that sec. 62.215, Stats. 1939, was invalid for the sole reason stated in the opinion, we said,—

"the fact that all cities of the class might not be in a situation to make use of its provisions did not make the law special or private. This, of course, has nothing to do with classification.

If a statute in terms applies to all cities, the circumstance that there may be no factual situation in some of the cities upon which it may operate does not disclose an attempted classification, good or bad. . . . As an original proposition there is much to be said for the contention that having created a proper classification of cities, curative acts applicable to a class or classes should not be treated as creating a subclassification or *a fortiori* a closed class." (pp. 536, 537.)

Applying these conclusions to sec. 66.295, Stats. 1941, which under its terms is applicable to "any city of whatever class," the circumstance that in some cities there may be no factual situation as to which the statute can be operative in that there have been no improvements furnished "under any contract which shall have been heretofore declared as imposing no legal obligation on any such city" does not disclose an attempted classification. In so far as by reason of that provision the statute can become operative and applicable only in cases where there are such past factual situations, the provision merely defines the subject matter upon which the law may act and does not create any classification. Any city, which has a factual situation bringing it within the law, can take advantage of it in the future, provided that it existed at the time the law became effective. Thus, there has been completely removed, and the 1941 statute is not subject to, the objection because of which the 1939 enactment was declared invalid.

Appellant also questions the validity of the reassessment of benefits and damages for the improvement, based on the moral obligation, which is directed by the common council's resolution to be made to provide funds required to make the payment authorized by the resolution. That direction and the reassessment are claimed by the petitioner to be authorized by the provision in sub. (3) of sec. 66.295, Stats., that—

"Where payment for any benefits or improvements mentioned in subsections (1) and (2) of this section shall be authorized by the common council of any city and where special assessments shall have been levied for any portion of such

benefits or improvements prior to the authorization of such payment, the city authorities shall proceed to make a new assessment of benefits and damages in the manner provided for the original assessment, except," etc.

Appellant claims, however, that—

"There must be a basis for special assessments against private property for improvements. Such a basis is found in section 62.15 and section 62.16 of the statutes, in either (1) a contract let for the purpose of the improvement (as here, but illegally), or (2) upon the city's doing the work itself without the intervention of a contract;"—

and that—

"The question then is whether there is, in addition to the existing bases . . . a contract let for the purpose of the improvement or the doing of the work by the city itself, for a special assessment by way of reassessment predicated upon a moral obligation for work done in the past, under section 62.16 (6)."

The making of the reassessment and direction therefor by a resolution adopted by the common council were evidently intended to be authorized by the provisions in sub. (3) of sec. 66.295, Stats. 1941, quoted above; and by reason of these provisions the authorization to make the new assessment, under the circumstances stated therein, must be considered supplementary to the instances in which the special assessments are authorized to be made by secs. 62.15 and 62.16, Stats. In respect to the validity of legislation authorizing special assessments or reassessments for improvements theretofore made, this court said in *Bekkedal v. Viroqua,* 183 Wis. 176, 188, 196 N. W. 879, 197 N. W. 707,—

"In *Sanderson v. Herman,* 108 Wis. 662, 84 N. W. 890, 85 N. W. 141, it was said: 'If it be urged that conditions required by the charter [charter of the city of Milwaukee] originally cannot now be complied with,—such, for example,

as that the ascertainment of benefits and damages cannot now precede the letting of the contracts, as was obviously the pol'cy of the charter,—it is a complete answer that the legislature might originally have authorized a special assessment without making such ascertainment˘an essential preliminary to contracting. Indeed, had the legislature seen fit to authorize a reassessment for the work in raising a street above its lawfully established grade in the absence of any resolution lawfully changing the grade, how could we declare such act unconstitutional? The same imposition might have been authorized originally without requiring, as a condition, such preliminary action. . . . ' This proposition was affirmed in *Schintgen v. La Crosse,* 117 Wis. 158, 166 (94 N. W. 84), where it is said: 'It appearing, therefore that there was a valid law in existence authorizing assessments of this nature when the work was done, and that while the work in question was not done under the provisions of that law, still it was done in a way which the legislature might originally have lawfully authorized, and that the reassessment law preserved to the property owner his right to be heard and all the essentials of due process of law, we think the law in question is not susceptible to the objection . . . discussed.' See sec. 1210*d*, Stats. 1898, as amended by ch. 9, Laws of 1901."

See also *Schintgen v. La Crosse, supra* (p. 162) ; *Cawker v. Central B. P. Co., supra* (p. 34) ; *Milwaukee v. Taylor,* 229 Wis. 328, 340, 344, 345, 282 N. W. 448.

*By the Court.*—Order affirmed.