LEUCH, Appellant, vs. EGELHOFF and others, Respondents.*

*May 3—June 7, 1949.*

* Motion for rehearing denied, with $25 costs, on September 13, 1949.

For the appellant there were briefs by *E. W. Van Dyke* of Milwaukee, and oral argument by *Mr. Van Dyke* and by *Peter F. Leuch in pro. per.*

For the respondents there was a brief by *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, for the city of Cedarburg and certain others, by *Schanen, Schanen & Pauly* of Port Washington, for the Egelhoffs, by *Stewart E. Farley* of Milwaukee, for the Ohio Casualty Insurance Company, and by *Erwin F. Karow* of Milwaukee, for the Maryland Casualty Company, and oral argument by *Walter D. Corrigan, Sr., Thomas M. Corrigan,* and *William F. Schanen.*

MARTIN, J.     It is established that during the time the plaintiff was special counsel for the city of Cedarburg the tree trimmers were hired, the work was being done, and the first pay-

ment of $500 was made on July 30, 1946. Defendants assert, therefore, that plaintiff is estopped from pursuing this action.

Plaintiff is a taxpayer and brings this action for himself and on behalf of all other taxpayers and property owners of the city of Cedarburg. In *McGowan v. Paul* (1910), 141 Wis. 388, 392, 123 N. W. 253, the right of a taxpayer to bring action was questioned, and it was stated:

"It would not militate against maintenance of the action that the actor in commencing the litigation did not have an equitable ground for complaint, for himself alone, if such were the fact, since he was of the general class who were pecuniarily interested in conserving the public funds. *Cawker v. Milwaukee*, 133 Wis. 35, 113 N. W. 417. That is upon the theory that, while an individual taxpayer may be estopped by his conduct from successfully appealing to equity jurisdiction for relief against a threatened unlawful levy of taxes, or one imposed, or a threatened illegal expenditure of public funds, he is not, when acting for all taxpayers, since all may not be affected by the equitable estoppel."

We do not agree with the trial court that the plaintiff is an improper party to this action or that the action is barred by his laches. The information plaintiff received while acting as attorney for the city of Cedarburg is a matter of public record, available to any taxpayer of the city. The plaintiff does not stand to gain by this action. It is an action on behalf of all taxpayers of the city. A public officer, such as a city attorney, who discovers alleged illegal contracts entered into by the city, is duty bound as a matter of public policy to protect the taxpayers. His obligation is not to the alleged wrongdoers. 5 Am. Jur., Attorneys at Law, p. 266, sec. 8.

As a matter of public policy, actions based on taxpayers' suits for alleged wrongdoing of public officers, so long as brought within a reasonable time, are not barred by laches. See 30 C. J. S., Equity, pp. 520–530, secs. 112–115, and cases cited.

The record shows that the mayor or the board of public works, or both, ordered the tree-trimming work to be done and that no bids were taken, no formal contract let, and no authorization received from the council.

Sec. 66.295, Stats., provides in part as follows:

*"Authority to pay for public works done in good faith.* (1) Whenever any city of whatever class, however incorporated, shall have received and shall have enjoyed or shall be enjoying any benefits or improvements furnished under any contract which shall have been heretofore declared as imposing no legal obligation on any such city and which contract was entered into in good faith and has been fully performed and the work has been accepted by the proper city officials, so as to impose a moral obligation upon such city to pay therefor, such city, by resolution of its common council and in consideration of such moral obligation, may pay to the person furnishing such benefits or improvements the fair and reasonable value of such benefits and improvements.

"(2) The fair and reasonable value of such benefits and improvements and the funds out of which payment therefor shall be made shall be determined by the common council of such city. Such payments may be made out of any available funds, and said common council shall have authority, if necessary, to levy and collect taxes in sufficient amount to meet such payments."

On November 13, 1947, the common council passed and adopted a resolution reading in part as follows:

"Now, therefore, be it resolved by the common council of said city of Cedarburg, under the provisions of section 66.295 (1) and (2) Wisconsin statutes (1945) as follows:

"1. That in consideration of the moral obligation to pay for such benefit to the city and to the public, the payment to Egelhoff Tree Service of their bills for services in the sum of $5,320 is hereby ratified and approved and the reasonable value of such work is hereby determined by the council as $5,320, no further amount to be paid.

"2. That the payment of such sum out of the general funds of the city is hereby ratified, that the bills for such tree trim-

ming sent out under the special assessment against property holders be recalled, and canceled, and such sums as have been paid to the city by taxpayers on such bills be refunded, and the special assessment be abandoned in the interests of the public good and welfare of the city."

Defendants' case is not saved by sec. 66.295, Stats., or by the action of the city council in approving the tree-trimming project. Sec. 66.295 (1) refers to work or contracts "heretofore" done or entered into. *State ex rel. Federal Paving Corp. v. Prudisch* (1942), 241 Wis. 59, 64, 4 N. W. (2d) 144, in discussing sec. 66.295, Stats. 1941, stated:

"Any city, which has a factual situation bringing it within the law, can take advantage of it in the future, provided that it existed at the time the law became effective."

The work in the case cited was done prior to the enactment; the work in the present case was done subsequent to the enactment.

*By the Court.*—Judgment reversed and cause remanded with directions to reinstate plaintiff's complaint and for further proceedings according to law.