THE WISCONSIN LEGISLATURE State Capitol
Chapter 72, Laws of 1979, the Citizens Utility Board Act, became effective on November 29, 1979. Section 1 m of that chapter requests the Attorney General to give his opinion on the constitutionality of the state creating a corporation under that chapter, particularly in light of Wis. Const. art. XI, sec. 1.
Chapter 72, Laws of 1979, creates ch. 199, Stats. A "nonprofit public body corporate and politic," known as the "Citizens Utility Board" (CUB), is created under sec. 199.04 (1), Stats. The purpose of the Board is to represent the interests of residential utility consumers in matters concerning electric, water, natural gas and telephone utilities in all levels of government, including advocacy as a party in the proceedings of state and local regulatory agencies such as the Public Service Commission. The state provides no funding to CUB under the act. Any residential utility consumer at least eighteen years old who has contributed at least $3 but not more than $100 to the Board in the preceding twelve months shall be a member of the corporation. CUB must have at least 1,000 members and at least $10,000 *Page 154 
in contributions within five years or it shall be dissolved. CUB is managed by a board of directors. Two directors represent each congressional district and are elected by members in the district.
The constitutionality of ch. 199, Stats., like any other statute, is presumed. The Wisconsin Supreme Court will find a legislative enactment unconstitutional only in the event that violation of a specific constitutional provision can be shown beyond a reasonable doubt, with all doubts to be resolved in favor of constitutionality. State ex rel. Hammermill Paper Co. v.La Plante, 58 Wis.2d 32, 46, 205 N.W.2d 784 (1973).
The request for an attorney general's opinion regarding the constitutionality of ch. 199, Stats., makes specific reference to Wis. Const. art. XI, sec. 1. This section provides:
 Corporations without banking powers or privileges may be formed under general laws, but shall not be created by special act, except for municipal purposes, and in cases where, in the judgment of the legislature, the objects of the corporation cannot be attained under general laws. All general laws or special acts enacted under the provisions of this section may be altered or repealed by the legislature at any time after their passage.
Two related constitutional provisions are Wis. Const. art. IV, secs. 31 and 32. Wisconsin Constitution art. IV, sec. 31, provides in pertinent part:
 The legislature is prohibited from enacting any special or private laws in the following cases:
. . . .
 7th. For granting corporate powers or privileges, except to cities.
Wisconsin Constitution art. IV, sec. 32, provides: "The legislature shall provide general laws for the transaction of any business that may be prohibited by section thirty-one of this article, and all such laws shall be uniform in their operation throughout the state."
In Attorney General v. Railroad Companies, 35 Wis. 425 (1874), the Wisconsin Supreme Court stated that Wis. Const. art. IV, secs. 31 and 32, acted upon the first clause of Wis. Const. art. XI, sec. 1, by removing the legislative discretion available to form corporations, for *Page 155 
other than municipal purposes, by special act, thus making it mandatory that the Legislature grant corporate powers except to cities only by general laws rather than by special laws. Therefore, if the creation of a corporation by the Legislature complies with Wis. Const. art. IV, secs. 31 and 32, it will also comply with the first clause of Wis. Const. art. XI, sec. 1.
The purpose of Wis. Const. art. IV, sec. 31, was discussed by the Wisconsin Supreme Court in State ex rel. La Follette v.Reuter, 36 Wis.2d 96, 153 N.W.2d 49 (1967). After reviewing the background of the original constitutional amendment of 1871, which became Wis. Const. art. IV, sec. 31, the court stated: "The purpose of this constitutional provision is to insure that legislation will promote the general welfare and further statewide interests, as opposed to private concerns."36 Wis.2d at 113.
Since, unlike most corporations, CUB is specifically created by statute and specific powers are granted to it by statute, the question arises whether corporate powers or privileges are granted by special or private law in violation of Wis. Const. art. IV, sec. 3 1. Recent cases in which the Wisconsin Supreme Court has upheld the constitutionality of statutes specifically creating two corporate entities, the Wisconsin Housing Finance Authority and the Wisconsin Solid Waste Recycling Authority, suggest that ch. 199. Stats., is not a special or private law.
In State ex rel. Warren v. Nusbaum, 59 Wis.2d 391,208 N.W.2d 780 (1973), the court considered the constitutionality of ch. 234, Stats., which created the Wisconsin Housing Finance Authority. The Authority was designed to issue notes and bonds and in turn was to make money available to the housing industry at reduced rates. The developers could then sell or rent housing to low and moderate income families, thereby tending to eliminate substandard housing conditions in the state and accomplish other objectives set forth in the enabling legislation. The court stated:
 The Authority, denominated a public body corporate and politic, is granted only those powers "necessary or convenient" to implement the purposes of ch. 234. Stats. It was not the intention of the legislature to create a corporation in the ordinary sense. Ch. 234 grants to the Authority those corporate powers *Page 156 
essential to its performance in improving and otherwise promoting the health, welfare and prosperity of the people of this state
59 Wis.2d at 446. The court further stated that Wis. Const. art. IV, sec. 31, was not meant to deny the Legislature the authority to grant limited corporate powers to the entities it creates to promote a public and state purpose. The court held that ch. 234, Stats., was neither a special nor private law since it promoted a legitimate governmental and statewide purpose as declared by the Legislature rather than the promotion of private or local interests.
In Wisconsin Solid Waste Recycling Auth. v. Earl,70 Wis.2d 464, 235 N.W.2d 648 (1975), the court considered the constitutional validity of ch. 305, Laws of 1973, which created the Wisconsin Solid Waste Recycling Authority. The court found that the Authority involved a legitimate governmental and statewide purpose to assist local units of government and the private solid waste management industry in providing the necessary systems, facilities, technology and services for solid waste management and resources recovery. Relying on Nusbaum, the court concluded that the statute did not violate Wis. Const. art. IV, sec. 31.
Like the Wisconsin Housing Finance Authority, CUB was not intended by the Legislature to be a corporation in the ordinary sense. As previously noted, CUB is designated in sec. 199.04 (1), Stats., as a public body corporate and politic. The corporation is provided, under sec. 199.05 (2), Stats., with "all the powers necessary or convenient for the effective representation and protection of the interests of residential utility consumers and to implement this chapter." Also, sec. 199.02, Stats., expressly declares that CUB is created to promote public purposes, not private ones:
 The purpose of this chapter is to promote the health, welfare and prosperity of all the citizens of this state by ensuring effective and democratic representation of individual farmers and other individual residential utility consumers before regulatory agencies, the legislature and other public bodies and by providing for consumer education on utility service costs and on benefits and methods of energy conservation. Such purpose shall be deemed a statewide interest and not a private or special concern.
Certainly the cost and distribution of public utility service is a public concern. This was recognized by the Wisconsin Supreme *Page 157 
Court over forty years ago in State ex rel. Wisconsin Dev.Authority v. Dammann, 228 Wis. 147, 277 N.W. 278 (1938). In considering whether the use by the Wisconsin Development Authority of a statutorily authorized appropriation was for a public purpose, the Wisconsin Supreme Court stated:
 The use of electric energy and other services named [utility services] has become so essential in the industrial, commercial, agricultural, transportation, and domestic activities of everyday life, and to the economic well-being and general welfare of the people of this state, that it has come into the category of public necessities and the state-wide distribution thereof at the lowest possible reasonable cost can rightly be considered a matter of public concern and clothed with a public interest.
228 Wis. at 183-84.
Chapter 199, Stats., clearly promotes statewide interests as opposed to purely local ones. It applies uniformly statewide to residential utility consumers. The fact that only residential utility consumers may be members of CUB does not in my opinion make ch. 199, Stats., a special law rather than a general law. As the Wisconsin Supreme Court stated in Johnson v. The City ofMilwaukee, 88 Wis. 383, 390, 60 N.W. 270 (1894):
 It is not required that all general laws shall be equally general. A law legislating for a class is a general law when it is for a class "requiring legislation peculiar to itself in the matter covered by the law." A law relating to particular persons or things as a class is said to be general; while a law relating to particular persons or things of a class is deemed special and private. Whether such laws are to be deemed general laws or special laws depends very much upon whether the classification is appropriate.
(Emphasis supplied.)
The court in Johnson listed four rules for determining the propriety of a classification: 1) all classifications must be based on substantial distinctions which make one class really different from another; 2) the classification must be germane to the purpose of the law; 3) the classification must not be based on only existing circumstances; and 4) the law must apply equally to each member of the class. 88 Wis. at 390-92. CUB would seem to satisfy these tests. Significant *Page 158 
distinctions can be made between residential utility consumers and other consumers of utility services, in terms both of interests and representation before legislative and regulatory bodies. The interests of all residential utility consumers are to be represented by CUB and inclusion in the class is not limited to circumstances existing at the time ch. 199, Stats., became effective.
In summary, I believe the Wisconsin Supreme Court would find that the creation of CUB by ch. 199, Stats., promotes a legitimate public and statewide purpose as declared by the Legislature, and that ch. 199, Stats., is a general law rather than a special or private one. It is therefore my opinion that ch. 199, Stats., does not violate Wis. Const. art. XI, sec. 1, art. IV, sec. 31, or art. IV, sec. 32.
BCL:WCW