H.G. NORDLING, District Attorney Bayfield County Courthouse
You ask whether an increase in compensation for members of a town board of review under section 70.46 (1), Stats., is permissible under the following set of circumstances:
 [T]he town board supervisors and the town clerk are part-time officers, who receive annual salaries plus expenses, as set by the annual town meeting pursuant to Section 60.10 (1)(b) and Section 60.32 (1)(a), Wis. Stats. At the annual town meeting . . . a motion was made to approve wage increases for town officials for the term [immediately ensuing]. . . . That motion was defeated. At the [next] regular town board meeting . . . [during that ensuing term], the town board adopted a motion to compensate members of the town board of review at the rate of $25.00 for each meeting attended, effective immediately, which represented an increase over the compensation received by board of review members in [the prior calendar year]. The board of review . . . is composed of the town board supervisors and the town clerk, pursuant to Section 70.46 (1), Wis. Stats.
In my opinion, no additional compensation of any kind may be paid to town board supervisors for service on the board of review, but compensation may be increased to a town clerk for service on the board of review if the clerk has previously been designated part time by the town meeting pursuant to section60.305 (1)(b). *Page 177 
Since at least 1878, the Legislature had provided that "no town officer shall be entitled to pay for acting in more than one official capacity or office, at the same time." Ch. 39, sec. 850, Revised Statutes of 1878. That provision was substantially unchanged until 1980 when section 60.60, Stats. (1977), was amended in the following fashion:
 (1)(b) Except as provided under sub. (2)(b), no town officer may be compensated by the town for acting in more than one official capacity or office at the same time.
(2) . . . .
 (b) Any annual town meeting may combine the offices of town clerk and town treasurer or designate the office of town clerk, the office of town treasurer or the combined office of town clerk and town treasurer part-time . . . . Under sub. (1), the annual town meeting may provide for compensation for any office combined or designated part-time under this paragraph.
Ch. 130, secs. 3 and 4, and ch. 355, sec. 81, Laws of 1979.
In 1984, the statutes concerning town government were recodified and revised. At that time, section 60.305 (1)(b), Stats. (1983), was created to permit the town meeting to "[d]esignate as part time the office of town clerk, the office of town treasurer or the combined office of town clerk and town treasurer." 1983 Wisconsin Act 532, subch. V. The notes of the legislative council's special committee on revision of town laws indicate that no change in existing law was intended.
Section 60.323, Stats. (1983), was similarly recodified to read as follows: "Except for offices combined under s. 60.305, no town may compensate a town officer for acting in more than one official capacity or office of the town at the same time." 1983 Wisconsin Act 532, subch. V. The special committee's note states as follows: "Restates s. 60.60 (1)(b), clarifying that the provision prohibits the town from compensating a town officer for acting in more than one official `town' capacity or `town' office at the same time." Thus, the town meeting may designate the office of *Page 178 
town clerk to be part time, under section 60.305 (1)(b), but that statute has no application to members of the town board.
Section 70.46 is a statute generally applicable to all municipal boards of review. Municipal boards of review were first established in 1868. Ch. 130, sec. 24, Laws of 1868. Initially, there was no provision for compensation of board members. Ch. 48, sec. 1060, Revised Statutes of 1878. However, at various times the statute has provided for specific amounts of compensation to such members. See, e.g., sec. 1060, Stats. (1889) ("allowed by law to assessors"); sec. 70.46, Stats. (1921) ("not exceeding . . . three dollars per day").
Section 70.46 now provides in part as follows:
 Boards of review; members; organization. (1) Except as provided in s. 70.99, the supervisors and clerk of each town . . . shall constitute a board of review for the town . . . . In all . . . towns . . . the board of review may by ordinance in lieu of the foregoing consist of any number of town . . . residents and may include public officers and public employes. The ordinance shall specify the manner of appointment. The town board . . . shall fix, by ordinance, the salaries of the members of the board of review.
. . . .
 (3) The members of such board, except members who are full time employes or officers of the town . . . shall receive such compensation as shall be fixed by resolution or ordinance of the town board . . . .
The italicized language was inserted in chapter 97, Laws of 1941. Because the bill was not prepared by the Legislative Reference Bureau, no drafting file exists.
As the focus of your inquiry indicates, a violation of section60.323 could result in prosecution for misconduct in public office under section 946.12 (2). See 23 Op. Att'y Gen. 770, 771-72 (1934). It is, therefore, critical that the language contained in section 70.46 be reconciled with that contained in section 60.323. *Page 179 
The phrase "full time employes or officers" is ambiguous. At the time that language was adopted, however, there undoubtedly were few if any statutory provisions that would characterize an elected officer as being other than full time. Rather, it was generally accepted that, regardless of the time it takes to perform his or her duties, every elected official "is an officer during every hour of his term." 61 Op. Att'y Gen. 443, 445 (1972). Also see
65 Op. Att'y Gen. 62, 65-66 (1976) quoting 63 Am. Jur. 2dPublic Officers and Employees § 399 (1984) (now 63A Am. Jur. 2d Public Officers and Employees § 467).
There still is no exception to this general principle with respect to the office of town supervisor. Cf. 23 Op. Att'y Gen. 770, 771 (1934). Prior to the enactment of section 60.60, Stats. (1979), town supervisors could not receive additional compensation for acting in any other capacity for the town. 26 Op. Att'y Gen. 136 (1937). The notes of the special committee indicate that no change in this prior law was intended as a result of the enactment of section 60.323.
Although it may have once been a "fairly debatable question,"see Leuch v. Berger, 161 Wis. 564, 572, 155 N.W. 148 (1915), it is also clear that compensation provisions such as those contained in section 60.323 are controlling over those in section70.46(3). See Milwaukee v. Reiff, 157 Wis. 226, 146 N.W. 1130
(1914); 25 Op. Att'y Gen. 615 (1936); 4 Op. Att'y Gen. 877 (1915). Since there is no statutory provision permitting the designation of a town supervisor as "part time," I conclude that a town supervisor may not receive any additional compensation under section 70.46 (3) whether or not the phrase "full time" was intended to modify the word "officer" in that statute. I, therefore, have no occasion to examine the question of whether an increase in per diem compensation, which clearly is a form of salary, see
62 Op. Att'y Gen. 303, 305 (1973), awarded by members of the town board to positions in which they themselves serve ex officio
also violates section 66.196, which provides in part as follows: *Page 180 
 An elected official of any . . . town . . . who by virtue of his office is entitled to participate in the establishment of the salary attending his office, shall not during the term of such office collect salary in excess of the salary provided at the time of his taking office. . . .
Section 66.196 is wholly inapplicable to the town clerk, since the clerk does not participate in the establishment of compensation for members of the board of review. Unlike the circumstance involving town supervisors, section 60.305 (1)(b) also does permit the town meeting to designate the town clerk as a part-time officer. The clear inference is that, unless such a designation has been made, the town clerk remains a full-time officer. Although the Legislature probably did not contemplate that elected officers could serve on a part-time basis when chapter 97, Laws of 1941, was enacted, it would be a strained construction to conclude that an elected officer expressly designated as part time by statute could not receive additional compensation under section 70.46 (3) simply because he or she has not attained legal status equivalent to that of a part-time "employe" under that statute. Since section 70.46 (3) must be construed as authorizing additional compensation and since no other statute appears to preclude an increase in compensation to a part-time clerk, it is my opinion that compensation may be increased to a part-time clerk for service on the board of review.
I therefore conclude that, while no additional compensation of any kind may be paid town supervisors who serve on the town board of review, compensation may be increased to a town clerk for service on the board of review if the clerk has previously been designated part time pursuant to section 60.305 (1)(b) of the statutes.
DJH:FTC *Page 181