STATE EX REL. BRUNKHORST, Appellant, v. KRENN and another, Respondents.

*September 10—October 6, 1959.*

117

118

119

For the appellant there was a brief by *Edgarton & Hobbs* of Fond du Lac, and oral argument by *Allan Edgarton*.

For the respondents there was a brief and oral argument by *George J. Laird* of Fond du Lac, for Joseph Krenn, and by *S. Richard Heath* of Fond du Lac, for Fond du Lac county.

BROADFOOT, J.   The appellant does not challenge directly the rule that one who voluntarily claims and enjoys the benefits and privileges of a statute cannot be heard thereafter to say that the statute is unconstitutional in order to escape its burdens. *Will of Bowman*, 2 Wis. (2d) 404, 86 N. W.

(2d) 442; *Thomson v. Public Service Comm.* 236 Wis. 157, 294 N. W. 517; *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 200 N. W. 775. Instead, he contends that there is an exception to the rule and that it does not apply to an independent and separable provision of the act under which he accepted and enjoyed benefits. He also contends that certain language in the Retirement Act is ambiguous and that he is not precluded from contending that the statute is being unconstitutionally used. In other words, that he can urge a construction of the ambiguous language that will permit a constitutional use thereof. He does not point out what portion of the Wisconsin Retirement Act he claims is an independent and separable provision, and the portions thereof which he asks to have construed in his favor deal with compulsory retirement and his right of withdrawal of his election to be included under the fund. These provisions are basic provisions of the act and are not independent and separable parts thereof. In fact the object of the act is to promote efficiency in public service by providing an orderly means by which persons therein who become aged or otherwise incapacitated may be retired from active service.

The appellant challenges the conclusions of law of the trial court that he was retired from office at midnight January 4, 1959, by virtue of the statute and that by reason of such compulsory retirement a vacancy existed in said office commencing January 5, 1959. He contends that an elected county officer can only be removed by the governor for cause and following a hearing under the provisions of sec. 4, art. VI, Const. He contends further that vacancies in an elective county office can only be caused by one of the provisions of sec. 17.03 or sec. 17.09, Stats.

The trial court determined that a vacancy in the office of the register of deeds of Fond du Lac county resulted from the provisions of sec. 17.03 (10), Stats. This subsection

provides that any public office shall become vacant "on the happening of any other event which is declared by any special provision of law to create a vacancy."

By the provisions of sec. 66.901, Stats., an elective official is defined as a municipal employee only when such elected person shall request in writing that he be included within the provisions of the act. That section further provides that any elected person included therein at his request shall be subject to the compulsory-retirement provisions of sec. 66.906. The last-mentioned section provides that any participating employee who attains the age of sixty-five shall be retired at the end of the month in which such age is attained unless written notice is received by the board of trustees of the fund certifying that the governing body of the municipality by which he is employed has specifically authorized him to continue until the end of his current term, in which event he shall be retired at the expiration of the period designated in the last certification for such continuance on file with the board.

The appellant contends that these provisions are ambiguous in that the language merely provides that such employee "shall be retired;" that nowhere in the Retirement Act is there language that says specifically the elected employee is removed from office, that a vacancy in an elected office automatically occurs, or that an elected employee is automatically disqualified then and subsequently to hold office under a new term. In its memorandum decision the trial court treated that argument as follows:

"Under these circumstances, by virtue of the statutes herein involved, and particularly by virtue of the fact that Brunkhorst was over sixty-five years of age and had voluntarily elected (1946) to come under the provisions of the Wisconsin Retirement Act, that the provisions of the statute were binding upon him; and that by virtue of the fact that the county board had not taken positive action wherein they gave their consent that Brunkhorst be permitted to continue as an

employee of Fond du Lac county for a term commencing January 5, 1959, that Brunkhorst became ineligible to fill the office of register of deeds commencing January 5, 1959; and that as a result, in the eyes of the law, a vacancy existed in said office, but that Brunkhorst continued to serve as register of deeds in a *de facto* capacity as an officer holding over after the expiration of his term, and that he was entitled to compensation therefor up to the time when the appointee to the office, Krenn, became register of deeds on March 2, 1959. . . .

"It has been urged that even though Brunkhorst is legally required to retire from county employment under the retirement statute, still no vacancy exists within the meaning of sec. 17.03 inasmuch as no reference is made to the word 'vacancy' in the retirement law.

"The word 'vacancy,' as applied to an office, has no technical meaning. It is vacant in the eyes of the law whenever it is unoccupied by a legally qualified incumbent who has the lawful right to continue until the happening of some future event. *State ex rel. Martin v. Ekern,* 228 Wis. 645.

"Our supreme court has held, without referring to any special statute using the word 'vacancy,' that a vacancy may be created in a public office by the election of an ineligible candidate. *State ex rel. Bancroft v. Frear,* 144 Wis. 79; *State ex rel. McKeever v. Cameron,* 179 Wis. 405.

"If the retirement of an employee or a public officer is mandatory upon the happening of certain circumstances, it must logically follow that upon the happening of those same circumstances there is a vacancy in the office occupied by him. When the circumstances come to pass which invoke mandatory retirement, there must be a vacancy in the office concerned within the purview of sec. 17.03 of the statutes."

We agree with the decision by the trial judge on that issue.

The appellant further contends that his withdrawal of his election to be included under the fund as of the close of his term on January 4, 1959, was effective. The stipulation of facts indicates that at the time the appellant elected to come under the provisions of the fund and to receive the benefits

provided therein, the attorney general of Wisconsin had ruled that an elected county official who is included within the Wisconsin municipal retirement fund at his own request cannot later withdraw therefrom, 35 Op. Atty. Gen. 21, and that on March 25, 1946, the county clerk was notified by the retirement fund that appellant could continue working for another ten years before he reached the minimum retirement pay and before he would require authorization by the county board to continue in his office. He knew when he decided to accept the benefits of the act of the compulsory-retirement provisions and that he would be unable later to withdraw therefrom.

Again, the appellant argues that the legislature could have used more explicit language and could have stated that such election should be irrevocable. He points out in his brief that several amendments have been made to the act; that appellant filed his election to come under the act as it appeared in 1946 and that the legislature might have made changes detrimental to him and that therefore he should have a right to withdraw. It might be added that in two other opinions of the attorney general, 41 Op. Atty. Gen. 383, and 48 Op. Atty. Gen. 23, that official ruled that once an election has been made under the Retirement Act there can be no withdrawal.

Both the attorney general and the trial court relied to some extent on the case of *Williams v. Contributory Retirement Appeal Board,* 304 Mass. 601, 24 N. E. (2d) 525, in which it was held that a county official who was elected before the retirement system became operative and who voluntarily applied for membership therein could not withdraw from the system and resist subsequent involuntary retirement on the ground that his elective term had not yet expired. Reference was made therein to other Massachusetts cases. In passing, we might add that the appellant wished to retain all of the

benefits that had accrued up to the end of his term in January, 1959.

In our opinion the trial court's construction of the statutes involved was correct. That construction is in harmony with the subject matter and the general purpose and object of the Retirement Act. It is consistent with the legislative intent and provides a practical and workable basis. The construction urged by the appellant would nullify the purpose and effect of the statute and would be contrary to the intent of the legislature as we interpret it. In addition the board of trustees of the fund, which is charged with its administration, has so construed it with the advice of the attorney general. This practical construction long continued is of great weight in determining the meaning thereof.

From the stipulated facts it appears that appellant was well advised before he made his election and that he elected to receive the benefits of the act with his eyes open. The choice was entirely his own and he does not contend otherwise.

Following his election in November, 1958, the appellant was faced with a dilemma. He must obtain affirmative action by the county board authorizing him to continue in office for the term to which he was elected. It is evident that he tried, but on November 13, 1958, the county board adopted a resolution stating that he be refused permission to continue. On January 20, 1959, he again attempted to get affirmative action from the county board without success.

There is an argument in the briefs as to whether this affirmative action by the county board would have to be taken before the new term started or after January 5, 1959. We agree with the trial court that a vacancy existed in the office on January 5, 1959. The only practical construction of the language is that the county board could have acted prior to the beginning of the new term.

The appellant might have sought legislative relief at any time after he elected to come under the act. He can point to no change in the statute nor to any amendment of the constitution adopted thereafter that provides an escape from the compulsory-retirement provisions thereof or that permits him to withdraw.

Other arguments are made by the appellant, such as the sacred right of electors and the privilege of citizens to hold public office, and the unlawful delegation to a mere majority of a county board to remove an elected public official. We have carefully reviewed all of the arguments advanced but have discussed only those determinative of the real issues in this controversy. In our opinion the learned trial judge in his lengthy and carefully prepared memorandum decision has effectively dealt with each of the issues presented by the stipulated facts.

*By the Court.*—Judgment affirmed.