STATE EX REL. SHEETS, Respondent, v. FAY, COUNTY CLERK OF RACINE COUNTY and another, Appellants.*

*No. 335. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 651.)

* Motion for rehearing denied, with costs, on June 30, 1972.

For the appellants there was a brief by *Charles H. Pehlivanian*, assistant corporation counsel of Racine county, and oral argument by *Dennis J. Flynn* of Racine.

For the respondent there was a brief by *Stewart, Peyton & Crawford* of Racine, and oral argument by *John Peyton*.

ROBERT W. HANSEN, J.   The first question to be asked and answered is whether a family court commissioner is, for retirement purposes, an "employee" at all under the provisions of the Wisconsin retirement fund. If he is not, then he is neither entitled to a retirement allowance under the act nor bound by its mandatory retirement provisions. If he is such "employee" for such purpose under such act, he is entitled to a retirement allowance but cannot continue to serve beyond the applicable mandatory retirement age. Entitlement to the benefits of the act brings with it assumption of the burdens.

*Commissioner as "employee."* We deal here solely with the definition of "employee" for retirement fund purposes as set forth in the state retirement fund law. That definition is a broad one. It reads:

"41.02 **Definitions.** In this subchapter:

" . . .

"(6) 'Employe' means any person who:

"(a) Receives earnings as payment for personal services rendered to or for the benefit of any participating municipality.

"(b) Is employed in a position normally requiring actual performance of duty during not less than 600 hours a year in such municipality . . .

"(c) Has completed at least 6 months' continuous service or 12 months' total service for the municipality by which such person is employed. . . ."

When the plaintiff, as family court commissioner, applied for membership in the state retirement fund, he correctly certified that he met the three requirements. He was receiving earnings as payment for personal services rendered to and for the benefit of a participating municipality. He was employed in a position normally requiring actual performance of duty during not less than six hundred hours a year. He had completed at least six months' continuous service. He was entitled to become a member of the state retirement fund because he met the three qualifying requirements spelled out in sec. 41.02 (6), Stats. For this purpose and under this statute he was an "employee."

As here used and defined, the word "employee" means one entitled to participate, or required so to do, in the state retirement fund. To say that a person is an "employee" under the retirement fund act is not to say that he is an "employee" as that word is used or defined in any other statute in the book. Gertrude Stein might say of employees, as she said of roses: "An employee is an employee is an employee." But here, to say that one is an "employee" under the retirement fund act is not to say that he would be such in a case involving civil service regulations, hiring, firing or employee rights as employees. He might be, but not simply

because he qualified as a participant in the state retirement fund.

As used in the retirement fund act, the term "employee," as there defined, is broad enough to cover elected officials. However, to avoid constitutional difficulties, a special section of the statute provides that officials "Who are elected to office by vote of the people" are not within the definition of employee in sec. 41.02 (6), Stats., "unless any such elected person requests the board in writing to be included. . . ." (Sec. 41.02 (12) (i).) This granting of an option to elected officials was not required to put elected officials within the sec. 41.02 (6) definition. It was required to take them out of the very broad definition, so that their participation became dependent upon their electing to participate. Persons so electing to participate in the fund "shall be considered employes." (Sec. 41.02 (12) (i).) Once he waived the specific exclusion by choosing to come under the act, there is no provision that ". . . provides an escape from the compulsory-retirement provisions thereof or that permits him to withdraw." *(State ex rel. Brunkhorst v. Krenn* (1959), 8 Wis. 2d 116, 126, 98 N. W. 2d 394.)

When the plaintiff filled out his application for participation as a sec. 41.02 (6), Stats., "employee" in the retirement fund, that application form had two classifications: Either "elected by people" or "employe or appointed official." On the form signed by plaintiff, the classification "employe or appointed official" was checked, but the word "employe" was crossed out, leaving the words "appointed official." This was accurate enough, for plaintiff was an appointed official, as contrasted to civil service employees of the county or state. However, for the purpose of the retirement fund act only, appointed officials and such civil service employees were both entitled to participate in the retirement

system as coming under the broad definition of "employee" for pension participation purposes under the sec. 41.02 (6) definition of "employee."

This, as we see it, is where the trial court went astray. It found that ". . . a Family Court Commissioner holds an office and is a public official rather than an employee." Therefore, the trial court concluded, since he is an appointed public official, the plaintiff is not properly a member of the state retirement fund. Under this holding the county clerk of Racine county, as an elected official, could be a participant in the retirement plan if he so elected. The clerks and stenographers in his office would be members of the retirement system as "employees" under the common-law or any statutory test. However, the deputy county clerk, as an appointed official, could not participate in the retirement fund since he is neither such fish nor fowl. That interpretation would affect many appointed officials who have been contributing to the retirement fund in hope and expectation of securing a retirement pension when they retire from state or local public service. Fortunately for them, it is not some common-law or dictionary definition of who is an "employee" that puts them under the retirement plan. Rather it is the far broader definition of "employee" in sec. 41.02 (6), Stats., a definition that includes appointed officials as well as civil service employees, and includes elected officials, if they choose to become participants.

Back in 1960, the plaintiff filled out the notice of employment and employee affidavit showing him to be qualified as a member of the state retirement fund. The retirement fund administrators accepted it as proper, and, over the ten-year period, have regularly had employee contributions deducted from his salary checks. They were entirely correct in so doing for plaintiff was an "employee" under the requirements of sec. 41.02 (6), Stats.

*County or state "employee."* There remains the question of whether a family court commissioner is a county or state "employee" for retirement purposes under the retirement act. The legislature has provided that any state officer ". . . who has passed age 65 on the date of appointment . . . is entitled to all salary . . . for the period for which he serves as a de facto officer . . . ." (Sec. 41.11 (5), Stats.) If plaintiff is a "county employee," the state law provides that he is subject to compulsory retirement at the end of the calendar quarter in which he reaches his "normal retirement date." (Sec. 41.11 (1) (a).) The Racine County Code of Ordinances establishes age sixty-five as the retirement age for "county employees."

A number of factors and specific statutory provisions go onto the scales in determining whether plaintiff is a county or state "employee" under the retirement fund act. To begin with, sec. 247.13 (1), Stats., provides the position of family court commissioner, formerly divorce counsel, is created "in each county of the state" and "for such county." The appointment is to be made annually by "the circuit and county judges in and for such county." However, the position "may be placed under a county civil service system by resolution of the county board." In counties having a population of less than 500,000, the county board ". . . shall by resolution provide an annual salary for the family court commissioner . . . ." (Sec. 247.17.) The county board ". . . may also by resolution prescribe such other duties to be performed by him not in conflict with his duties as family court commissioner." (Sec. 247.17.) Where the county board establishes the family court commissioner's salary, pays it, and may prescribe additional duties to be performed by him, and where the position is established in each county and "for such county," we find the proof overwhelmingly requiring a finding that the family court

commissioner of Racine county was a county employee, rather than a state employee, under the retirement act and retirement act purposes.

In its opinion, the trial court noted the specific statute which provides for the appointment of retired judges as family court commissioners (sec. 247.13 (4), Stats.), stating, "This Court takes judicial notice of the fact that many retired judges are over 70 years of age." It is true that such statute provides that retired judges so appointed "shall be considered officers of the court or courts appointing them and not employes of the county." (Sec. 247.13 (4).) However, retired judges so appointed are designated "temporary or temporary assistant family court commissioners" and their compensation is statutorily set "at the rate of $25 per half day." (Sec. 247.13 (4).) We do not see the reach of this specific statute as exceeding its grasp. It makes an exception only as to retired judges, takes from the county the right to determine the rate of compensation as to retired judges, and provides that only such retired judge-temporary family court commissioner is not to be considered a county employee. Without such statutory provision, it is our opinion that they would be county employees. In any event, family court commissioners who are not retired judges are not within the exclusion carved out, and they remain, as we see it, county employees for retirement fund purposes under the retirement fund act.

Reversal and dismissal of the action are required by our holding that plaintiff is an "employee" within the definition of sec. 41.02 (6), Stats., and that he is a "county employee" subject to the mandatory retirement age of sixty-five, established by the Racine county ordinance (sec. 4.02) as the normal retirement age for such county. However, we do not discuss nor preclude the possibility of an action, based on *quantum meruit*, for services performed as de facto family court commissioner by plaintiff while this dispute as to legal status and

entitlement to salary was making its way to final decision.

*By the Court.*—Judgment reversed and cause remanded with directions to dismiss the petition.