ROGER L. HARTMAN, District Attorney Buffalo County
You state that a resolution of the county board purports to establish sick leave and vacation benefits for both county employes and elected county officials. The resolution grants leave of absence with pay in the event of sickness not to exceed one day per month with accumulation rights up to seventy-five days. It further sets vacation leave at five days after one year, ten days after two years and fifteen days after ten years with no accumulation of vacation pay. You state that the county treasurer, in her first elected term, has requested maternity leave of about three months. She has organized her office in a manner she believes will not require another person to replace her as she has a trained deputy who is paid by the county.
You inquire whether a county board has power to deny salary to a duly elected county treasurer during a period of sickness where such official has not resigned, has not been determined incapable of discharging the duties of the office, or has not been removed for cause.
I am of the opinion that it cannot.
You also inquire whether a county board has power to establish sick leave and vacation leave benefits for elected county officials?
I am of the opinion that it does not have such power under present statutes.
The county board has power under sec. 59.15 (2) (c), (d), Stats., to regulate compensation, vacation and sick leave benefits for appointive officials, deputies of elected officers and employes. Subparagraph (c), in addition to referring to power to fix *Page 63 
compensation, expressly grants power to "establish regulations of employment" and subparagraph (d) permits a contract for services of employes to include "setting up the hours, wages, duties and terms of employment." Subparagraph (a) expressly excepts "elective offices included under sub. (1), supervisors and circuit judges" with respect to powers granted the county board under subsec. (2). Compensation for elected officials other than supervisors and judges is controlled by secs. 59.15 (1) and 66. 197, Stats. Both statutes are concerned with monetary compensation. Section 59.15 (1), Stats., provides that prior to the earliest time for filing nomination papers for any elective office, other than supervisors or circuit judges, the board shall fix:
 ". . . the total annual compensation for services to be paid him (exclusive of reimbursements for expenses out-of-pocket provided for in sub. (3)). The annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in such resolution or ordinance. The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board."
Section 66.197, Stats., permits an increase but not decrease of the "salary" of certain elected county officials during their terms.
In my opinion, the statutes last referred to above do not authorize a county board to regulate leave time for elected officials or to deny them portions of the fixed compensation when they are physically absent from their offices.
As used in the Wisconsin Constitution and in various statutes such as secs. 62.09 (6) (b) and 66.196, Stats., the words "salary" and "compensation" are employed synonymously and generally contemplate payment for services in money. Geyso v.City of Cudahy (1967), 34 Wis.2d 476, 149 N.W 2d 611. Also see 63 Am. Jur. 2d, Public Affairs and Employees, sec. 360, p. 844.
In State ex rel. Conway v. Elvod (1975), 70 Wis.2d 448, the court was dealing with an attempt of a county board to diminish the salary of a county judge during his term. The court was in *Page 64 
part concerned with sec. 59.15 (1), Stats., which prohibits decrease in compensation during the officer's term. The court treated salary as the equivalent of compensation and held that the county board had acted in excess of its powers. At p. 450 the court stated:
 "A county is totally a creature of the legislature, and its powers must be exercised within the scope of authority ceded to it by the state. Columbia County v. Wisconsin Retirement Fund (1962), 17 Wis.2d 310 317, 318, 116 N.W.2d 142; Kyncl v. Kenosha County (1968), 37 Wis.2d 547, 555, 155 N.W.2d 583 . . . ."
Wisconsin statutes do not provide for leaves of absence for elected county officials such as the county treasurer. Such officer when duly elected and qualified has a right to hold office for the term for which he or she was elected. The compensation is established for the office. The officer holding the office is entitled to the compensation provided for the office as an incident of the office. Schultz v. Milwaukee County
(1947), 250 Wis. 18, 22, 26 N.W.2d 260. In 63 Am. Jur. 2d, PublicOfficers and Employees, sec. 362, p. 846-847, it is stated:
 "Compensation does not constitute any part of the public office to which it is annexed. It is a mere incident to the lawful title or right to the office, and belongs to the officer so long as he holds the office. When an office with a fixed salary has been created, and a person duly elected or appointed to it has qualified and enters upon discharge of his duties, he is entitled, during his incumbency, to be paid the salary, fees or emoluments prescribed by law . . . ." (Emphasis added.)
An officer might forfeit the right to the office and compensation by some act which would cause a vacancy in the office. Resignation and removal would in most cases terminate right to compensation although in some cases an officer who resigns may be entitled to compensation where he continues to serve on a de facto basis until his successor was elected or appointed and qualified. See State ex rel. Brunkhorst v. Krenn
(1959), 8 Wis.2d 116, 123, 98 N.W.2d 394; 48 OAG 23, 26 (1959).
Section 59.12 (1), Stats., provides that the term of a county treasurer "shall continue 2 years and until his successor qualifies." *Page 65 
Section 59.14 (1), Stats., provides that the county treasurer "shall keep his office at the county seat in offices provided by the county" and "shall keep such office open during the usual business hours of each day, Sundays excepted," etc.
This does not mean that the elected officer must be physically present in such office during all of such hours. See 31 OAG 194 (1942), 40 OAG 163 (1951), and Andreski v. Ind. Comm. (1952),261 Wis. 234, 52 N.W.2d 135. Section 59.19 (1), Stats., provides that a county treasurer may appoint "one or more deputies to aid him in the discharge of the duties of his office" and that such deputies "in the absence of the treasurer from his office or in case of a vacancy in said office or any disability of the treasurer to perform the duties of his office, . . . may perform all the duties of the office of treasurer until such vacancy is filled or such disability is removed." The county board has power to determine how many deputies, if any, shall be paid county funds. Sec. 59.15 (2) (c), Stats.
At 63 Am. Jur. 2d, Public Officers and Employees, sec. 399, p. 873, it is stated:
 ". . . And it is the purpose of the law that the incumbent of an office shall devote his personal attention to the duties of the office to which he is appointed or elected. But this does not mean that he shall lose his title to the office or his right to the emoluments or salary connected with it because he may be absent or away from the office for a short, occasional, or even a protracted, period of time and does not during such period of time personally give his time and attention to the duties of the office. This is true whether he is absent from office through illness, because he is missing, or upon purely personal business, and even though during his absence the duties of the office devolve upon another officer who by law is entitled to compensation for performing them . . . .
 "An incumbent of a public office is under a legal obligation to perform the duties attached to it, and may incur a civil or criminal liability for failure to do so. Derelictions of this character are remediable by removal or impeachment, or by such punishment as the law provides. But they do not necessarily affect the officer's right to compensation. And it may be laid down as a general rule that in the absence of *Page 66 
some provision of the law to the contrary, an officer does not lose his right to the salary or emoluments of his office by his neglect to perform his official duties, at least where such neglect does not amount to an abandonment of the office.
 "The foregoing rules as to compensation of a public officer who is absent from his office or derelict in the performance of his official duties cannot prevail against statutory provisions which prevent the payment of compensation to the officer unless he has performed the duties of his office . . . ."
I am not aware of any statute which prevents the payment of compensation to a county treasurer when he has not performed the duties of his office.
Section 17.09 (1), Stats., provides that the county treasurer may be removed from office "by the county board, for cause, by a vote of two-thirds of all the supervisors entitled to seats on such board." Section 17.16 (2), Stats., defines "cause" as "inefficiency, neglect of duty, official misconduct or malfeasance in office."
Section 59.19 (2), Stats., does provide:
 "If any county treasurer is incapable of discharging the duties of his office, the county board may, if they see fit, appoint a person treasurer who shall serve until such disability is removed . . . ."
No procedure is set forth. It is my opinion that some type of hearing before the county board would be necessary to determine incapability. However, even if this were done and another person were appointed, the duly elected county treasurer might be entitled to the compensation provided for the office absent resignation, death, removal, or conduct equivalent to abandonment of the office.
County boards of course do have leverage to partially insure that elected officials are attentive to their duties. The board determines how many, if any, deputies are to be paid from county funds. In addition, the board can institute removal proceedings under sec. 17.09 (1), Stats., if cause appears to be present. The board, of course, has power to fix the compensation which will pertain to the office for the next term and power to grant increases during a term. The electorate also acts as a restraining force, as they determine which officials are worthy of re-election.
BCL:RJV *Page 67