336 So.2d 651 (1976)
Joseph M. JOHNSON, Appellant (Defendant),
v.
Ray WILSON, Sheriff of Okaloosa County, Florida, Appellee (Plaintiff).
No. BB-433.
District Court of Appeal of Florida, First District.
August 20, 1976.
Rehearing Denied September 20, 1976.
*652 David A. Barrett, Tallahassee, for appellant.
William D. Barrow, Crestview, Jack M. Skelding, Jr. of Madigan, Parker, Gatlin, Truett & Swedmark, Ben Patterson, Tallahassee, Eugene P. Spellman, Miami, for appellee.
Robert L. Shevin, Atty. Gen., Donald D. Conn, Asst. Atty. Gen., amicus curiae.
MILLS, Judge.
The issue raised by this appeal is whether Chapter 74-274, Laws of Florida, referred to as the Police Officers' Bill of Rights, and subsequently enacted as Sections 112.531-112.534, Florida Statutes (1975), is applicable to the constitutional office of Sheriff.
On 1 September 1964, Sheriff Wilson appointed Mr. Johnson as a deputy sheriff. Johnson served as a deputy sheriff until 10 October 1974 when the Sheriff withdrew his appointment without notice and without a specific reason. Johnson wrote the Police Standards Board, now the Police Standards and Training Commission, stating that the Sheriff had not afforded him the rights required by Chapter 74-274, and requesting the Board to take action permitted by the Chapter to enjoin the Sheriff from violating any rights he had under the Chapter.
The Sheriff then filed a declaratory judgment action against Johnson, which among other things, challenged the applicability of Chapter 74-274 to his office as Sheriff. After a non-jury trial, the trial court ruled that Chapter 74-274 was not applicable to the constitutional office of Sheriff. Johnson appeals from the adverse final judgment.
An employing agency is defined as any municipality or the state or any political subdivision thereof which employs law enforcement officers. Section 112.531(2), Florida Statutes (1975). A political subdivision includes counties, cities, towns, villages, special tax districts, special road and bridge districts, bridge districts and all other districts in the state. Section 1.01(9), Florida Statutes (1975). A law enforcement officer is any person, other than a chief of police, employed full time by any municipality or this state or any political subdivision thereof, whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, traffic or highway laws of this State. Section 112.531(1), Florida Statutes (1975).
Chapter 74-274 must be given its plain and obvious meaning. Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla. 1st DCA 1963). The language used in the Chapter is so plain and unambiguous that it leaves no room for doubt as to the intent of the legislature in enacting it.
It is obvious that Sheriff Wilson, who is a constitutional officer, is not a municipality, is not the State of Florida, and is not a political subdivision of the state.
It is also clear that the Sheriff did not employ Johnson as a deputy sheriff but appointed him which gave him the same power as the Sheriff under whom he was acting. Section 30.07, Florida Statutes (1975). Johnson was not an employee but was an officer. Blackburn v. Brorein, 70 So.2d 293 (Fla. 1954); Parker v. Hill, 72 So.2d 820 (Fla. 1954).
The trial court correctly held that Chapter 74-274, Laws of Florida, was not applicable to the constitutional office of Sheriff.
We affirm the final judgment.
BOYER, C.J., and McCORD, J., concur.