QUESTIONS: 1. May a constitutional county officer be covered by a plan of deferred compensation established pursuant to s. 112.215, F. S. (1976 Supp.)? 2. May a constitutional county officer, such as a property appraiser, lawfully establish a deferred compensation plan for the employees of his office pursuant to s.112.215, F. S. (1976 Supp.)?
SUMMARY: A constitutional county officer may be covered by a plan of deferred compensation established by the board of county commissioners pursuant to s. 112.215, F. S. (1976 Supp.). A constitutional county officer, such as a property appraiser, may not establish a plan of deferred compensation for the employees of his office pursuant to s. 112.215, F. S. (1976 Supp.), but such employees may be covered by a deferred compensation plan adopted by the board of county commissioners in accordance with the provisions of that act. AS TO QUESTION 1: Section 112.215, F. S., as amended by Ch. 76-279, Laws of Florida, the Government Employees Deferred Compensation Plan Act, provides, among other things, that in accordance with an approved plan of deferred compensation (3) . . . the state or any state agency, county, municipality or other political subdivision may, by contract or a collective bargaining agreement, agree with any employee to defer all or any portion of that employee's otherwise payable compensation . . . . The term "employee" is defined for the purposes of the act to mean: (2) . . . any person, whether appointed, elected, or under contract, providing services for the state; any state agency or county or other political subdivision of the state; or any municipality for which compensation or statutory fees are paid. (Emphasis supplied.) Applying this statutory definition of the term "employee" to the instant inquiry, a constitutional county officer is clearly a person, generally elected, who provides services for a county for which compensation or statutory fees are paid. See, generally, Ch. 145, F. S. Thus, although officers are ordinarily distinguished from employees in law, see Johnson v. Wilson, 336 So.2d 651 (1 D.C.A. Fla., 1976); Robbin v. Brewer, 236 So.2d 448 (4 D.C.A. Fla., 1970); 14 Words and Phrases Employee, pp. 734, 758-775, I am of the opinion that for the purposes of s. 112.215, F. S. (1976 Supp.), the definition of the term "employee" contained therein is broad enough to include constitutional county officers within its purview. See Ervin v. Capital Weekly Post, Inc., 97 So.2d 464, 469
(Fla. 1957), stating that "[a] statutory definition of a word is controlling and will be followed by the Courts"; and 30 Fla. Jur. Statutes s. 81, pp. 233-234, for the general rule that the use by the Legislature of comprehensive terms without qualification (such as "any person, whether appointed, elected or under contract") ordinarily indicates an intent to include everything embraced within such terms; cf. State ex rel. Sheets v. Fay, 54 Wis.2d 642,196 N.W.2d 651 (1972); Riddlestorffer v. City of Rahway, 82 N.J. Super. 36,196 A.2d 550 (1963); and State ex rel. Randel v. Scott,95 Ohio App. 197, 118 N.E.2d 426 (1952), construing statutory definitions of the word "employee" in other jurisdictions to include officers. Your first question is answered in the affirmative. AS TO QUESTION 2: In AGO 076-8, it was concluded that a property appraiser is not within the purview of ss. 112.08 and 112.12, F. S., authorizing each "county, school board, governmental unit, department, board, bureau of this state" to provide a group insurance program for its employees and to pay "all or any portion of the premiums for such insurance out of any of its available funds." See also s. 112.09, F. S. As stated in that opinion, The statutes in question apply, in terms, to "the county" and to the exercise of the authority granted by means of a resolution of the board of county commissioners; and they may not be extended, by construction, to apply to county officials. Likewise, with respect to the instant inquiry, s. 112.215, F. S. (1976 Supp.), as stated above, grants authority to "the state or any state agency, county, municipality or other political subdivision," and not to constitutional county officers. Section112.215(3), id.; cf. Johnson v. Wilson, supra, in which the plain and unambiguous language of the statutory definition of the term "employing agency" contained s. 112.531(2), F. S., of the "Police Officers Bill of Rights," as "any municipality or the state or any political subdivision thereof which employs law enforcement officers," was held to exclude the constitutional county office of sheriff from the purview thereof. Moreover, as to county employees, including employees of the county appraiser's office, s. 112.215(5), id., provides that: Any county, municipality, or other political subdivision of the state may by ordinance adopt and establish for itself and its employees a deferred compensation program. (Emphasis supplied.) See also s. 112.215(6)(b), (7), and (10), F. S. (1976 Supp.). In this regard, it is elementary that a constitutional county officer, such as a property appraiser, may not adopt a county ordinance. Accordingly, I am of the opinion that a constitutional county officer, such as a property appraiser, may not establish a deferred compensation plan for the employees of his office pursuant to s. 112.215, F. S. (1976 Supp.), and that any deferred compensation plan applicable to such employees must be adopted by the appropriate board of county commissioners in accordance with the provisions of that act. Cf. AGO 076-8. Your second question is answered in the negative.