**Bobby F. TANNER et al., Plaintiffs,**

v.

**Malcolm McCALL, Individually and in his official capacity as Sheriff of Lake County, Florida, Defendant.**

**No. 77–2 Civ-Oc.**

United States District Court,
M. D. Florida,
Ocala Division.

Jan. 28, 1977.

---

Ben R. Patterson, III, and Jerry G. Traynham, Tallahassee, Fla., for plaintiff.

Jack M. Skelding, Jr., Tallahassee, Fla., and C. Welborn Daniel, Clermont, Fla., for defendant.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

In this case, plaintiffs allege that they have been deprived of constitutionally recognized and protected property and liberty interests. Specifically, they allege that they were terminated as Lake County Sheriff's deputies (1) without any procedural due process of law, and (2) solely because of their political affiliation with the previously incumbent sheriff who was defeated in a recent election. In *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), the United States Supreme Court declared that property interests "may take many forms"; and that, while "not created by the Constitution", they

. . . are created and their dimensions . . . defined by existing rules or understandings that stem from an independent source such as state law—rules

or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Id.* at 577, 92 S.Ct. at 2709.

Plaintiffs in this case have alleged that their property interests in their terminated employment stem, at least in part, from state law known as "The Police Officers' Bill of Rights," Fla.Stat. Section 112.531 *et seq.*

When this statute was presented to the Court in another employment—due process controversy arising in the Lake County Sheriff's Department (last year, under the previously incumbent sheriff), *Schrank v. Bliss,* 412 F.Supp. 28 (M.D.Fla.1976), it was an open and undecided question whether Fla.Stat. Section 112.531 *et seq.* applied to deputies sheriff of the State of Florida. *Id.* at 41 and nn. 9 and 10. Now, however, two different appellate courts of the State of Florida have confronted that question. *Evans v. Hardcastle,* 339 So.2d 1150, 1151 (2d D.C.A.Fla.1976); *Johnson v. Wilson,* 336 So.2d 651, 652 (1st D.C.A.Fla.1976). There is now, therefore, no question that as the statute presently exists, a sheriff of the State of Florida "does not come within the purview of" Fla.Stat. Section 112.531(2), absent some other statutory exception to the contrary. *Evans v. Hardcastle, supra* at 1151. Consequently, plaintiffs in this case, as former deputies sheriff, are not included within the scope of the statutory rights created and conferred by Fla.Stat. Section 112.531 *et seq.*

Hence, without considering or prejudicing plaintiffs' claims (and right to establish those claims) of property interests derived from some other source, as well as liberty interests, the Court must strike plaintiffs' allegations and claims of entitlement under Fla.Stat. Section 112.531 *et seq.* as contrary to the decisional law of Florida. The Court, therefore, will order (1) that those claims and allegations under Fla.Stat. Section 112.-531 *et seq.* be stricken from plaintiffs' complaint and motion for a preliminary injunction; (2) that plaintiffs make no attempt to raise or prove those claims in any arguments, hearings or memoranda of law; but

(3) that plaintiffs freely advance whatever other property and liberty interests that they claim arise from sources other than Fla.Stat. Section 112.531 *et seq.*