PER CURIAM.
The City of Jacksonville, defendant below, appeals the circuit court’s determination that the deputy clerks of the Office of the Clerk of the Circuit Court of Duval County are exempt from the civil service system of the city by virtue of their claimed status as constitutional officers. We agree that the lower court erred in its declaration of exemption and therefore reverse.
The consolidated government of the City of Jacksonville came into existence on a limited basis on March 1, 1968, through the enactment of Ch. 67-1320, Laws of Florida, as authorized by constitutional authority.[1] On December 23, 1968, in an action brought by the plaintiff-appellee, S. Morgan Slaughter against the City, the Circuit Court of Duval County entered a final judgment that the plaintiff, as well as his employees, were subject to all provisions of the city charter.[2] This judgment was not appealed.
In 1975 Slaughter brought this action for declaratory judgment asking that his deputy clerks be declared exempt from the local civil service system. He argued that the Clerk of the Circuit Court of Duval County is a constitutional officer and therefore enjoys immunity from the regulatory provisions of Ch. 67-1320 under Article III, Section 11(a)(1), Florida Constitution (1968), which provides in part:
*273 “There shall be no special law or general law of local application pertaining to:
(1) election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies; . . . .” (Emphasis added.)
He then refers to a line of cases holding that deputy sheriffs are officers and not employees.[3]
Slaughter, however, overlooks the wording of Article III, Section 11(a)(1) in which officers of municipalities, chartered counties, special districts or local governmental agencies are excluded from constitutional immunity and consequently may be subject to regulation by special legislation. The validity of Jacksonville’s charter was challenged and upheld in Jackson v. Consolidated Government of the City of Jacksonville, 225 So.2d 497 (Fla.1969). The exception for regulation of chartered county officers was added to the 1968 Constitution so that cases construing the regulation of non-excepted officers under the 1885 Constitution are not controlling here. Even if it be argued that Article III, Section 11(a)(1), which became effective January 7, 1969, subsequent to the enactment of Chapter 67-1320, is not controlling, Article VIII, Section 9, an amendment to the 1885 Florida Constitution authorizing the legislature to provide a consolidated charter for Duval County similarly authorized the legislature to bring the clerk’s employees under the civil service system.[4]
REVERSED.
MILLS and ERVIN, JJ., concur.
BOYER, C. J., dissents.

. Art. VIII, § 9, Fla.Const. (1885), and incorporated by reference in Art. VIII, § 6, Fla.Const. (1968).

. The Honorable Robert J. Waybright, in that 1968 proceeding, found:
“1. That the Relator is an officer of the Consolidated Government of the City of Jacksonville, a municipal corporation, hereinafter referred to as the ‘Consolidated Government’, created by Chapter 67-1320, Laws of Florida, 1967, as amended pursuant to Article VIII, Section 9, Constitution of the State of Florida, hereinafter referred to as the ‘Charter’; and as such he is subject as a matter of law to all of the provisions of said Charter applicable to his position as Clerk of the Circuit Court of Duval County and of the Municipal Court of the City of Jacksonville, both positions hereinafter referred to as ‘Clerk’, including but without limitation:
(a)That from October 1, 1968 to January 7, 1969, the effective date of the Constitution of the State of Florida of 1968, the Relator, as Clerk, is not subject to the budgetary control of the consolidated government, but on the contrary is a ‘fee officer’ deriving his compensation and income from fees collected by his office, with the duty to remit all ‘excess fees’ over and above the lawful expenses of the office to the consolidated government.
(b) That Relator, as Clerk, is subject to the budgetary control of the consolidated government from and after January 7, 1969, the effective date of the Constitution of the State of Florida of 1968, and as such, must comply with the budgetary requirements of Article 15 of the Charter.
(c) That Relator is also subject to the requirements of Chapter 3, Article 7 of the Charter, relating to central services.
(d) That the civil service provisions of the Charter are applicable to the employees of the Clerk.”

. Blackburn v. Brorein, 70 So.2d 293 (Fla.1954); Sweat v. Akin, 70 So.2d 514 (Fla.1954). See also Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976).

. Art. VIII, § 9, Fla.Const. of 1885, adopted 1934 (and subsequent to Art. Ill, § 20, which prohibited the legislature from enacting special or local laws regulating the jurisdiction and duties of any class of officers), provided as to the consolidation of Duval County:
“. . . The offices of Clerk of the Circuit Court and Sheriff shall not be abolished but the Legislature may prescribe the time when, and the method by which, such offices shall be filled and the compensation to be paid to such officers and may vest in them additional powers and duties. . Nothing contained herein shall affect Section 20 of Article III of the Constitution of the State of Florida, except as to such provisions therein as relate to regulating the jurisdiction and duties of any class of officers . . . (Emphasis added.)