RAYMOND L. PAYNE, District Attorney Douglas County
You have requested my opinion as to whether the Douglas County Board of Supervisors can compel the family court commissioner, over the age of 65, to retire prior to the completion of his term of appointment. The facts that you have provided to me are as follows:
The family court commissioner for Douglas County was reappointed, by the judges of Douglas County, on June 22, 1977, for a term of one year or until his successor is qualified. Douglas County has not placed the position of family court commissioner under civil service as authorized by sec. 247.13, Stats., but has an ordinance which requires the retirement of all county employes at age 65 unless extended by the county board. The present family court commissioner reached age 65 on October 15, 1977.
In my opinion, the family court commissioner must retire at age 65 under sec. 41.11 (1), Stats., unless his employment is continued by his employer or appointing authority. Either the county board as employer or the Douglas County judges collectively, as the appointing authority, may relieve the family court commissioner from the requirement to retire by continuing him in employment. *Page 121 
Section 41.11 (1), Stats., reads in part:
 ". . . any participating employe . . . who reaches his normal retirement date shall be retired at the end of the calendar quarter year in which such date occurs, unless . . . his employment is continued by his employer or appointing authority."
The family court commissioner is a participating employe, sec. 41.02 (7), Stats., with normal retirement date of 65 years. Sec. 41.02 (23), Stats. The calendar quarter year in which the subject family court commissioner reached 65 years ended on December 31, 1977. Sec. 41.02 (33), Stats. Thus, under the provisions of sec.41.11 (1), Stats., he was subject to retirement unless his employment was continued by his "employer" or "appointing authority."
The family court commissioner is a county employe, thus the county board is the "employer" as such term is used in sec. 41.11
(1), Stats. State ex rel. Sheets v. Fay, 54 Wis.2d 642, 650,196 N.W.2d 651 (1972). Section 247.13 (1), Stats., however, specifies the judges of the county as the "appointing authority" for family court commissioners. I conclude, therefore, that either the county board or the judges have the authority under sec. 41.11
(1), Stats., to extend the employment of the family court commissioner beyond age 65.
BCL:WMS